IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DEBBI* HYATT, as the Parent and ）
Next Friend of G.J.H., ）
）
        Plaintiff, ）
）
vs. ）    Case No. CIV-14-511-D
）
BOARD OF REGENTS OF OKLAHOMA ）
STATE COLLEGES *ex. rel*. ）
SOUTHWESTERN OKLAHOMA STATE ）
UNIVERSITY; *et al*., ）
）
        Defendants. ）

## **O R D E R**

This matter is before the Court on motions to dismiss filed by Defendants Board of Regents

of Oklahoma Colleges *ex rel*. Southwestern Oklahoma State University ("SWOSU"), the Office of

Juvenile Affairs ("OJA"), and Robert E. Christian. Although the motions are filed pursuant to Fed.

R. Civ. P. 12(b)(6), Defendants also assert that the action should be dismissed under Fed. R. Civ.

P. 17(a) unless the real party in interest, Debbi Hyatt's son, is timely substituted as the named

plaintiff because he is now an adult. In response, Ms. Hyatt concedes that she lacks standing to

prosecute this case as a representative of her adult son. She argues, however, that G.J.H. should be

substituted as plaintiff and permitted to proceed with the suit in his own name.

The action concerns an incident that occurred in January, 2012, while G.J.H. was a minor

committed to the custody of OJA and placed in the SWOSU Salt Fork Adventure Program.

Ms. Hyatt alleges that a female officer employed by SWOSU and/or OJA engaged in improper

---

* The Court corrects a misspelling of Plaintiff's first name as "Debbie" in the Notice of Removal.
Plaintiff's state court pleading, all filings in a prior action (discussed *infra*), and other filings in this case all
state her name is "Debbi."

conduct toward G.J.H. and another resident.  Ms. Hyatt originally filed a federal civil rights action

regarding the alleged conduct in November, 2012, against the same defendants seeking damages for

alleged violations of G.J.H.'s constitutional rights and his alleged injuries.  *See Hyatt v. Board of*

*Regents of Okla. Colleges*, Case No. CIV-12-1293-D, Comp. (W.D. Okla. Nov. 26, 2012).

Ms. Hyatt voluntarily dismissed the action without prejudice in April, 2013.  Within one year of the

dismissal, the action was refiled in state district court in April, 2014, and Defendants OJA and

Christian timely removed the case to federal court.

Although the parties agree that G.J.H. has reached the age of majority, no party informs the

Court of when this event occurred.  Because both Ms. Hyatt and the moving defendants argue that

a substitution of G.J.H. in his full name should be made pursuant to Rule 17, the Court assumes that

G.J.H. turned 18 years old during the pendency of this case.  Otherwise, if Ms. Hyatt lacked standing

to sue when she filed this action in state court, the case would be subject to remand or dismissal for

lack of subject matter jurisdiction.  *See Hill v. Vanderbilt Capital Advisors, LLC*, 702 F.3d 1220,

1224 (10th Cir. 2012) (standing is "an element of subject matter jurisdiction"); *Commonwealth*

*Property Advocates, LLC v. Mortgage Elec. Registration Sys., Inc*., 680 F.3d 1194, 1201 (10th Cir.

2011) ("One element of prudential standing is the general prohibition on a litigant's raising another

person's legal rights.") (internal quotation omitted).  Accordingly, pursuant to Rule 17(a)(3), the

Court finds that G.J.H. must be substituted into the action as plaintiff in place of Ms. Hyatt within

a reasonable time after Defendant's objection was made.  The Court finds that a reasonable time is

21 days after the entry of this Order.  The substitution shall be accomplished by filing of an amended

complaint naming G.J.H. in his full name as the plaintiff and asserting his own claims.

Because the action is subject to dismissal under Rule 17(a)(3) for failure to join the real party

in interest if the substitution is not timely made, the Court finds that Defendants' Rule 12(b)(6)

motions challenging the sufficiency of Ms. Hyatt's pleading to state a plausible claim are premature. To this extent, the motions will be denied without prejudice to refiling, if appropriate, in response to any amended complaint.

IT IS THEREFORE ORDERED that the Motions to Dismiss of Defendants SWOSU, OJA and Christian [Doc. Nos. 4 and 7] are DENIED, as set forth herein, provided G.J.H. in his full name is substituted as the plaintiff in place of Debbi Hyatt by filing an amended complaint asserting his claims within 21 days from the date of this Order. If no amended complaint is filed, this action will be dismissed without prejudice for failure to join the real part in interest. If the substitution is timely made, this action will proceed as if it had been originally commenced by G.J.H. in his own name.

IT IS SO ORDERED this 21st day of July, 2014.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE