IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

GREGORY JOHNS HYATT,[1]       )
                                    )
           Plaintiff,        )
                                    )
vs.                           )    Case No. CIV-14-511-D
                                    )
BOARD OF REGENTS OF OKLAHOMA  )
COLLEGES ex rel. SOUTHWESTERN   )
OKLAHOMA STATE UNIVERSITY,     )
*et al.*,                            )
                                    )
          Defendants.     )

## ORDER

Before the Court are two motions to dismiss the Amended Complaint, filed pursuant to Fed. R. Civ. P. 12(b)(6). The movants are Defendants Office of Juvenile Affairs ("OJA") and Robert E Christian ("Christian") [Doc. No. 18] and Defendant Board of Regents of Oklahoma Colleges *ex rel*. Southwestern Oklahoma State University ("SWOSU") [Doc. No. 19]. Because the motions raise similar and overlapping issues, they are taken up together. Plaintiff has timely opposed the motions, and the time for filing reply briefs has expired. Thus, the motions are at issue.

### Factual and Procedural Background

This civil rights action was commenced in state court by Plaintiff's mother on his behalf, and was timely removed to federal court by OJA and Christian, its executive director,

---

[1] The case was originally filed by Debbi Hyatt as the parent and next fried of G.J.H., a minor. Because G.J.H. reached the age of majority and now brings the case for himself, the style is modified to reflect the name of the proper plaintiff. This caption shall be used in all future filings.

with SWOSU's consent. The Amended Complaint substitutes Plaintiff, now an adult, as a party and asserts the same claims. He brings suit under 42 U.S.C. § 1983 against individual defendants – Jana Waffle ("Waffle"), Christian, and unknown individuals responsible for hiring and supervising Waffle – to recover damages for alleged violations of Plaintiff's constitutional rights in 2012 while he was a minor committed to OJA's custody and placed in SWOSU's Salt Fork Adventure Program. Plaintiff brings supplemental state law claims against SWOSU and OJA under the Governmental Tort Claims Act ("GTCA"), Okla. Stat. tit. 51, §§ 151-72, for negligence. Alternatively, if Waffle was acting outside the scope of her employment, Plaintiff brings his negligence claim against Waffle. As to all defendants, Plaintiff asserts an additional claim based on Waffle's alleged violation of his rights under the Oklahoma Constitution, as recognized by the Oklahoma Supreme Court in *Bosh v. Cherokee County Building Authority*, 305 P.3d 994 (Okla. 2013). The movants seek dismissal of all claims.[2]

## Standard of Decision

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008).

---

[2] The original plaintiff, Debbi Hyatt, filed a return of service showing Waffle was served with a state court summons and copy of the petition. The case record does not reflect service of Plaintiff's Amended Complaint on Waffle. Nor has Plaintiff taken any action to prosecute his claims against her, even though she is in default.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See id.* at 679; *see also Robbins*, 519 F.3d at 1248. Thus, for example, "[a] simple negligence action based on an automobile accident may require little more than the allegation that the defendant negligently struck the plaintiff with his car while crossing a particular highway on a specified date and time." *Robbins*, 519 F.3d at 1248.

"In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her . . . ." *See Robbins*, 519 F.3d at 1249-50 (emphasis in original); *see also Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009). "In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1221 (10th Cir. 2011) (internal quotation omitted).

### Plaintiff's Allegations

Plaintiff alleges that he was committed to OJA's custody as a minor in November, 2011. At the time, OJA through its executive director, Christian, allegedly had a contract with SWOSU's Salt Fork Adventure Program to provide juvenile rehabilitation services.

Plaintiff alleges OJA delivered him to SWOSU's program in Nash, Oklahoma, where Waffle was employed as "security personnel." *See* Am. Compl. [Doc. No. 17], ¶ 13. Plaintiff alleges that, at some unspecified time, Waffle coerced him into a sexual relationship under threat of punishment if he did not comply. Waffle also allegedly provided Plaintiff with alcoholic beverages both on and off the grounds of the SWOSU program. As a participant in the program, Plaintiff was prohibited from leaving the grounds without proper permission.

Plaintiff further alleges that on January 31, 2012, Waffle provided him with alcohol in her car while on the grounds of the facility and that, when Plaintiff was inebriated, Waffle left the facility with Plaintiff and another resident and took the boys to her house in Jett, Oklahoma. At the house, Waffle allegedly provided more alcohol and marijuana to Plaintiff, then had sexual relations with him, and took pictures of him naked. Afterward, Waffle allegedly drove the boys back toward the facility while she was inebriated and driving at speeds in excess of 110 m.p.h. During the drive, Waffle was stopped and arrested for driving under the influence. Waffle subsequently pled guilty and was convicted of the following offenses: child endangerment; contributing to the delinquency of minors; speeding; and transporting an open container of liquor.

The Amended Complaint includes a conclusory allegation that "Defendants conspired to conceal and cover up what happened to Plaintiff from his parents and the public at large." *Id*. ¶ 23. It also alleges generally that Waffle was "employed by either or both Defendant SWOSU and Defendant OJA, under the direction and control of Defendant Christian." *Id*. ¶ 5. It names as "John Doe Defendants . . . individuals employed by either or both Defendant

4

SWOSU and Defendant OJA" who were responsible for establishing policies for the SWOSU Salt Fork Adventure Program, hiring and supervising Waffle, supervising juveniles committed to the program, and conspiring to cover up the acts committed against Plaintiff and other program residents. *Id*. ¶ 6.

## Discussion

### A.      § 1983 Claim Against Christian

As the first claim for relief under § 1983, the Amended Complaint asserts that the individual defendants violated Plaintiff's rights under the "Fourth, Fifth, Eighth and/or Fourteenth Amendment." *Id*. ¶ 27.  Waffle's conduct toward Plaintiff allegedly was done with knowledge that serious harm was likely to occur, and with reckless disregard of "an obvious risk of serious harm to Plaintiff and all other juveniles committed to the SWOSU Salt Fork Adventure Program." *Id*.  Christian (and other unknown persons) allegedly hired and failed to supervise Waffle and promulgated, implemented and maintained policies that allowed her conduct to occur.  They allegedly "knew or should have known that serious harm to Plaintiff was likely to occur as a result of their acts and omissions in recklessly and unreasonably disregarding an obvious risk of serious harm to Plaintiff and all other juveniles committed to the SWOSU Salt Fork Adventure Program." *Id*. ¶ 28.[3]

---

[3]   Plaintiff also alleges generally that "Defendants" are individually liable for "abusing their governmental power and thereby violating Plaintiff's constitutional rights by recklessly and/or intentionally exposing him to an unreasonable risk of harm, with deliberate indifference to his health, safety, and well-being." *Id*. ¶ 29.  The Amended Complaint also alleges "Defendants' actions and inactions were so egregious, outrageous and fraught with unreasonable risk as to shock the conscience of a reasonable person." *Id*. ¶ 31. The court of appeals made clear in *Robbins* that collective allegations aimed at a group of governmental actors are insufficient to withstand a Rule 12(b)(6) motion; without identifying the wrongful acts allegedly

(continued...)

These conclusory allegations fail to state a plausible § 1983 claim against Christian. Plaintiff seeks to hold Christian liable for his supervisory role over OJA and its contract with the SWOSU program. The Supreme Court made clear in *Iqbal* that because a supervisor cannot be held vicariously liable for the conduct of subordinates under § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff fails to identify any individual action taken by Christian that violated the Constitution. To the extent that a general allegation that he failed to supervise Waffle or promulgated and maintained deficient policies is sufficient, Plaintiff fails to alleged facts that would show Christian's "alleged action(s) caused the constitutional violation." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 768 (10th Cir. 2013). "'A plaintiff [must] establish the 'requisite causal connection' by showing the defendant set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of her constitutional rights.'" *Id*. (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1195-96 (10th Cir. 2010)) (internal quotation omitted, alteration by the court in *Schneider*). Finally, Plaintiff

---

[3](...continued)
committed by each defendant, a pleading fails to satisfy both the *Twombly* plausibility requirement and the fair notice requirements of Rule 8. *See Robbins*, 519 F.3d at 1250-51; *see also Gray v. University of Colo. Hosp. Auth.*, 672 F.3d 909, 919 n.9 (10th Cir. 2012) (noting use of collective term "Defendants" failed to inform individuals what unconstitutional acts they allegedly committed); *Bryson v. Gonzales*, 534 F.3d 1282, 1290 (10th Cir. 2008) ("allegations that simply name the 'Defendants' generically" do not state facts about an individual defendant's conduct). Thus, these general allegations are disregarded.

also fails to allege facts that would satisfy the third element of a § 1983 claim against Christian, that is, he "took the alleged actions with the requisite state of mind." *Id*. at 769.

For these reasons, the Court finds that the Amended Complaint fails to state a plausible § 1983 claim against Christian.

**B.      Negligence**

The second claim asserted in the Amended Complaint is a negligence claim for allegedly failing "to use reasonable care in the care, supervision, treatment, and security of minor residents at the Salt Fork Adventure Program facility." *Id*. ¶ 35.  As pertinent to the motions, the claim is asserted against SWOSU and OJA pursuant to GTCA as the alleged employers of unspecified negligent employees acting within the scope of their employment.[4] This vague allegation fails to provide even the minimal amount of facts necessary to state a plausible negligence claim.  *See Robbins*, 519 F.3d at 1248.  To the extent that Plaintiff intended the "employees" to mean Waffle, as argued in his brief, he fails to allege any facts that would bring Waffle's conduct within the scope her employment as "security personnel" at the SWOSU program facility.  *See* Am. Compl. [Doc. No. 17], ¶ 13.

The exception to the general rule of non-liability for an employee's assault on a third person applies "where the act is 'fairly and naturally incident to the business,' and is done 'while the servant was engaged upon the master's business and be done, although mistakenly or ill advisedly, with a view to further the master's interest, or from some impulse of emotion

---

[4] The Amended Complaint also alleges compliance with the notice and timeliness requirements of the GTCA.

which naturally grew out of or was incident to the attempt to perform the master's business.'"
*See Baker v. Saint Francis Hosp.*, 126 P.3d 602, 605 (Okla. 2005) (quoting *Rodebush v. Oklahoma Nursing Homes, Ltd.*, 867 P.2d 1241, 1245 (Okla. 1993)). Considering this exception in *N.H. v. Presbyterian Church (U.S.A)*, 998 P.2d 592 (Okla. 1999), the Oklahoma Supreme Court held as a matter of law that a church minister was acting outside the scope of his employment when he sexually molested minors who were either children of church members or families whom he was attempting to recruit as members. The court reasoned that the minister "acted for his own personal gratification rather than for any religious purpose," that he "abused his position and exploited his special relationship with the children," and that it was "inconceivable that [the minister's] acts were of the nature of those which he was hired to perform." *N.H.*, 998 P.2d at 600; *see also Schovanec v. Archdiocese of Oklahoma City*, 188 P.3d 158, 161 (Okla. 2008) (affirming summary judgment for religious organization on *respondeat superior* liability due to lack of facts to suggest predatory sexual conduct was within the scope of a pastor's employment).

Assessing the factual allegations of the Amended Complaint and accepting them as true, the Court reaches the same conclusion that, as a matter of law, Waffle was acting outside the scope of her employment as a security officer for the juvenile rehabilitation program at SWOSU. It is inconceivable that the alleged acts were undertaken for any purpose other her own personal gratification; they could not possibly have served a security purpose or have been acts of a nature she was hired to perform. If Waffle committed the acts, she abused her position of authority over juvenile offenders under her charge and

8

exploited her relationship with them. The Amended Complaint fails to allege any facts from which to conclude otherwise. Accordingly, the Court finds that Waffle could not plausibly have been acting within the scope of her employment – whether her employer was SWOSU or OJA – when she committed the alleged sexual abuse of Plaintiff and the criminal acts alleged in the Amended Complaint.

Plaintiff also argues that either SWOSU or OJA could be held liable for its own negligence in failing to supervise Waffle adequately. Although negligent supervision is another way of holding an employer liable for the tortious conduct of an employee, Plaintiff points to no factual allegations of his pleading that would support this theory of liability. The Oklahoma Supreme Court has explained this theory as follows: "An employer is found liable, if – at the critical time of the tortious incident – the employer had reason to believe that the person would create an undue risk of harm to others. Employers are held liable for their prior knowledge of the servant's propensity to commit the very harm for which damages are sought." *N.H.,* 998 P.2d at 600. The Amended Complaint contains no allegations of prior knowledge by anyone that Waffle had a propensity to engage in the conduct allegedly committed, and alleges no facts from which to infer that OJA or SWOSU had any reason to believe she was unfit for her position. Therefore, the Amended Complaint fails to plausibly state a claim of negligence by OJA or SWOSU in the supervision of Waffle.

For these reasons, the Court finds that neither OJA nor SWOSU could be held liable for negligence under the GTCA. Thus, they are entitled to dismissal of this claim.

C.    *Bosh* **Claim**

9

The third claim against all defendants is a *Bosh* claim alleging that Waffle's conduct violated Plaintiff's rights under the Oklahoma Constitution to due process and to be free from cruel and unusual punishment. Although no constitutional provision is cited in the Amended Complaint or Plaintiff's brief, these rights are established by Article 2, Sections 7 and 9 of the Oklahoma Constitution. The Amended Complaint asserts that Waffle's employer, SWOSU and/or OJA, are liable for Waffle's alleged constitutional violations under the doctrine of *respondeat superior*. No basis of Christian's liability for any unconstitutional conduct by Waffle is stated.

For the reasons stated with regard to Plaintiff's negligence claim, the Court finds that the Amended Complaint fails to plausibly state a basis for *respondeat superior* liability of other defendants for any constitutional violation committed by Waffle.

## Leave to Amend

Contained within Plaintiff's response briefs is a request for leave to amend his pleading if the Court finds that the claims asserted in the Amended Complaint are deficient. Although it is unclear what changes he proposes to make or how he could cure the deficiencies identified in this Order, the Court finds that an opportunity to further amend should be granted. Plaintiff's prior amendment served solely to substitute the proper plaintiff and did not address the merits of his claims.

## Conclusion

For the reasons set forth herein, the Court finds the Amended Complaint is insufficient to state any claim against Christian, OJA or SWOSU and that Plaintiff's claims against these defendants should be dismissed pursuant to Rule 12(b)(6) with leave to amend.

IT IS THEREFORE ORDERED that the motions to dismiss the Amended Complaint [Doc. Nos. 18 and 19] are GRANTED. Plaintiff may file an amended complaint within 14 days from the date of this Order.

IT IS SO ORDERED this 9th day of February, 2015.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE