IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

GREGORY JOHNS HYATT, )
)
        Plaintiff, )
)
vs. ) Case No. CIV-14-511-D
)
BOARD OF REGENTS OF OKLAHOMA )
COLLEGES ex rel. SOUTHWESTERN )
OKLAHOMA STATE UNIVERSITY, )
*et al.*, )
)
        Defendants. )

**ORDER**

Before the Court are two motions to dismiss the Second Amended Complaint, filed pursuant to Fed. R. Civ. P. 12(b)(6). The movants are Defendants Office of Juvenile Affairs ("OJA") and Robert E Christian ("Christian") [Doc. No. 25] and Defendant Board of Regents of Oklahoma Colleges *ex rel.* Southwestern Oklahoma State University ("SWOSU") [Doc. No. 26]. Plaintiff has timely opposed the motions, which are fully briefed and at issue.[1]

**Factual and Procedural Background**

This civil rights action was commenced in state court by Plaintiff's mother on his behalf, and was timely removed to federal court by OJA and Christian, its former executive director, with SWOSU's consent. The action primarily concerns the conduct of Jana Waffle ("Waffle"), an employee at SWOSU's Salt Fork Adventure Program (the "Program") while Plaintiff was a minor resident of the Program in OJA's custody. Waffle allegedly coerced

---

[1] The time for filing reply briefs pursuant to LCvR7.1(i) has expired.

Plaintiff into a sexual relationship and engaged in other criminal conduct that exposed Plaintiff to a risk of harm. Plaintiff, now an adult, was substituted as a party by the Amended Complaint. He asserts claims under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights, supplemental tort claims under the Governmental Tort Claims Act ("GTCA"), Okla. Stat. tit. 51, §§ 151-72, and a state constitutional claim under *Bosh v. Cherokee County Building Authority*, 305 P.3d 994 (Okla. 2013).

By Order of February 9, 2015, the Court found that the Amended Complaint failed to state a § 1983 claim against Christian, failed to state a tort claim for which SWOSU or OJA could be held liable under GTCA, and failed to state a basis of *respondeat superior* liability for any state constitutional violation committed by Waffle. The parties are familiar with the reasons for these findings as stated in the February 9 Order, and they will not be repeated here. Because the factual allegations of the Amended Complaint were insufficient to state a plausible claim against SWOSU, OJA or Christian, the Court granted their motions to dismiss but granted Plaintiff leave to amend his pleading. Plaintiff timely filed the Second Amended Complaint, which the movants now challenge as insufficient to state a claim upon which relief can be granted.

**Standard of Decision**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008).

2

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Thus, in assessing plausibility, a court should first disregard conclusory allegations and "next consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id*. at 681.

Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See id*. at 679; *see also Robbins*, 519 F.3d at 1248. "In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her . . . ." *See Robbins*, 519 F.3d at 1249-50 (emphasis in original); *see also Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009). "In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1221 (10th Cir. 2011) (internal quotation omitted). Where supervisory liability is at issue, the court of appeals, following *Iqbal*, has distilled the following rule: "A plaintiff may therefore succeed in a

§ 1983 suit against a defendant-supervisor by demonstrating: (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).

**Plaintiff's Allegations** [2]

Briefly stated, Plaintiff alleges that OJA is responsible for providing services to juveniles who are adjudicated to be delinquent or in need of supervision, that Christian was responsible for OJA's administration and policies during the relevant time period, and that SWOSU's Program was under contract with OJA to provide juvenile rehabilitation services. *See* Second Am. Compl. [Doc. No. 23], ¶¶ 3-4, 11. According to Plaintiff, Waffle was employed at the Program by SWOSU, OJA, or both, and unknown "John Doe Defendants" employed by SWOSU, OJA or both were responsible for establishing policies regarding administration of the Program, for hiring and supervising Waffle, for supervising juveniles committed to the Program, and for later conspiring to cover up acts allegedly committed against Plaintiff. *Id*. ¶¶ 5-6.

Plaintiff alleges he was committed to OJA's custody as a minor in November 2011 and delivered to the Program in Nash, Oklahoma, where Waffle was employed as "security personnel." *Id*., ¶ 13. Plaintiff alleges that, beginning in November 2011, Waffle coerced

---

[2] In keeping with the standard of decision, all factual allegations of the Second Amended Complaint are taken as true and stated in the light most favorable to Plaintiff. However, conclusory allegations and legal conclusions are disregarded.

him into a sexual relationship with her under a threat of punishment if he did not participate. According to Plaintiff: "This coercive sexual relationship continued from November 2011 through January 31, 2012." *Id.* ¶ 14. During this three-month period, "Waffle also provided Plaintiff, a minor, with alcoholic beverages both on and off the grounds of the [Program]." *Id.* ¶ 15. As a program participant, Plaintiff was prohibited from leaving the grounds without proper permission.

Plaintiff asserts Waffle's conduct culminated in the following events on January 31, 2012: Waffle provided Plaintiff "with alcohol in her car while on the grounds of the facility." *Id.* ¶ 17. "When Plaintiff was inebriated, Waffle left the facility with Plaintiff and another resident [and] took the boys to her house in Jett, Oklahoma." *Id.* ¶ 18. "At her house, Waffle provided more alcohol to Plaintiff and gave him marijuana." *Id.* ¶ 19. "Waffle then had sexual relations with Plaintiff and took pictures of him naked." *Id.* ¶ 20. "When she was done, Waffle, herself inebriated, drove the boys back towards the [Program] at speeds in excess of 110 m.p.h." *Id.* ¶ 21. During the drive, Waffle was stopped and arrested for driving under the influence, and she subsequently "pled guilty and was convicted of child endangerment, contributing to the delinquency of minors, speeding in excess of the lawful maximum limit, [and] transporting an open bottle or container of liquor." *Id.* ¶ 22 (citations to Grant County case numbers omitted).

Except for stating a three-month duration of the sexual relationship and Waffle's conduct of providing Plaintiff with alcohol, these same allegations appeared in the Amended

Complaint. However, the following new Paragraph 28, made "[u]pon information and belief," has been added in support of Plaintiff's § 1983 claim:

> Defendant Christian had – at all times relevant hereto – ultimate responsibility for OJA program policies and procedures (including the Salt For[k] Adventure Program) and supervision of OJA program personnel such as Waffle. Christian failed to ensure the OJA and the Salt Fork Adventure Program policies and procedures provided adequate protection for Plaintiff's constitutional rights. Christian failed to adequately supervise Waffle and promulgated, implemented and maintained policies that allowed her repeated conduct to continue over a period of several months. Christian knew or should have known that the gaping holes in the OJA policies, procedures and supervision that he was responsible for (holes that allowed Waffle to seriously abuse Plaintiff over the course of several months) were likely if not certain to lead to an abuse of power by security personnel and violation of the constitutional rights of minor residents. Christian knew or reasonably should have known that serious harm to Plaintiff was likely to occur as a result of the constitutionally deficient policies, procedures and supervision in effect at the Salt Fork Adventure Program between November 2011 and January 31, 2012. At a minimum, Christian's deliberate indifference to Plaintiff's constitutional rights is inferred from the obviousness of the constitutionally infirm condition, *i.e.*, the fact that Waffle was able to continue her course of actions – engaging in sexual relations with Plaintiff, a minor, and provide Plaintiff with drugs and alcohol – both on and off the Salt Fork Adventure grounds over the course of several months.

*See* Second Am. Compl. [Doc. No. 23], ¶ 28 (footnote omitted). The following footnote appears at the end of Paragraph 28: "*See, e.g.*, *Tafoya v. Salazar*, 516 F.3d 912, 926 (10th Cir. 2008) ('Although deliberate indifference is a subjective inquiry, a jury is permitted to infer that a prison official had actual knowledge of the constitutionally infirm condition based solely on circumstantial evidence, such as the obviousness of the condition.') (emphasis omitted)." Subsequent paragraphs of the Amended Complaint are renumbered in light of this addition, and have been slightly modified. For example, current Paragraph 29,

which states the John Doe Defendants failed to supervise Waffle and maintained policies that allowed her conduct to occur, now alleges that the policies were "constitutionally deficient" and allowed Waffle to have "repeated and ongoing" sexual relations with Plaintiff and provide drugs and alcohol "on multiple occasions." *Id*., ¶ 29.[2] To current Paragraph 30, a new phrase has been added so that it now states that Christian and other individual defendants are liable under § 1983 for "their deliberate indifference to Plaintiff's constitutional rights, which led to a pervasive and ongoing violation of those rights over a period of several months." *See* Second Am. Compl. [Doc. No. 23], ¶ 30.

Regarding Plaintiff's negligence claim, the Second Amended Complaint contains new paragraphs designed to specify how the alleged "duty to use reasonable care in the care, supervision, treatment, and security of minor residents" at the Program was breached and how *respondeat superior* liability may be found. *See* Am. Compl. [Doc. No. 17], ¶ 35; Second Am. Compl. [Doc. No. 23], ¶ 34. Plaintiff claims Waffle breached this duty by her conduct, and OJA and SWOSU are vicariously liable for her conduct because Waffle was acting within the scope of her employment. *See* Second Am. Compl. [Doc. No. 23], ¶¶ 35-36. Plaintiff now claims OJA and SWOSU are also liable for a separate breach of duty:

> Defendants SWOSU and OJA breached the duty owed to Plaintiff by failing to adequately supervise Defendant Waffle and allowing her to engage in the conduct set forth above over the course of several months. The gross extent of Defendants' failure to supervise is evidenced by the length of time

---

[2] Although the addition of the phrase "on multiple occasions" seems to refer to both drugs and alcohol, Plaintiff's factual allegations state only that Waffle provided marijuana on one occasion, at her house on January 31, 2012. The Court disregards a conclusory statement added to Paragraph 29 that "Defendants were deliberately indifferent to Plaintiff's constitutional rights."

> Defendant Waffle's conduct was able to continue and the brazenness with which it was carried on (*e.g.* engaging in sexual relations with Plaintiff both on and off grounds, providing Plaintiff with drugs and alcohol both on and off grounds over a period of several months). Defendants were clearly indifferent to the injuries that would inevitably result from their own failure to supervise Defendant Waffle.

*Id.*, ¶ 38.[3]

Finally, with regard to Plaintiff's *Bosh* claim alleging a violation of Sections 7 and 9 of Article 2 of the Oklahoma Constitution, Plaintiff has added two new paragraphs to supplement the theory of *respondeat superior* liability for Waffle's conduct, as follows:

> 43. Defendant Christian violated Plaintiff's constitutional rights by failing to adopt, promulgate and implement policies and procedures for the supervision of security personnel at the Salt Fork Adventure Program, despite the near certainty that failure to do so would result in the deprivation of residents' constitutional rights.
>
> \* \* \* \*
>
> 45. Additionally, Defendants SWOSU, OJA and the John Doe Defendants violated Plaintiff's constitutional rights by failing to adequately supervise Defendant Waffle and by promulgating and implementing constitutionally deficient policies that allowed Waffle to engage in repeated and ongoing sexual relations with Plaintiff, provide Plaintiff with drugs and alcohol on multiple occasions, take pictures of Plaintiff naked, and drive, while intoxicated, at speeds well over the legal limit.

*See id.*, ¶¶ 43, 45.[4]

---

[3] The Court notes that the parenthetical example is not supported by the factual allegations of Plaintiff's pleadings, which allege only one occasion of off-campus sexual activity and drug use on January 31, 2012.

[4] As previously noted (*see supra* notes 2-3), the allegation in paragraph 45 that Plaintiff was provided with drugs "on multiple occasions" is inconsistent with the alleged facts identifying only one incidence of drug use.

8

**Discussion**

**A.     § 1983 Claim Against Christian**

Plaintiff's first claim for relief under § 1983 asserts a violation of his rights under the "Fourth, Fifth, Eighth and/or Fourteenth Amendments." *Id.* ¶ 27. The Court accepts, without deciding, the proposition urged by Plaintiff that his status as a juvenile committed to OJA's custody entitles him under one or more of these constitutional provisions to protection from conditions of confinement that pose an obvious risk of serious harm to his welfare or safety by responsible individuals acting with deliberate indifference to the danger created. The Court thus assumes, as do the parties, that Waffle's alleged conduct violated Plaintiff's constitutional rights. Regarding Christian's personal responsibility for Waffle's violation, Plaintiff relies on the allegations in Paragraph 28 of the Second Amended Complaint, quoted *supra* page 6. *See* Pl.'s Resp. Br. [Doc. No. 27], pp.10-11.

The Court finds the conclusory allegations of Paragraph 28 are insufficient to state a plausible § 1983 claim of supervisory liability against Christian, for reasons previously stated in the February 9 Order. *See* Order 2/9/15 [Doc. No. 22], pp.6-7 (finding Plaintiff failed to allege "facts that would show Christian's 'action(s) caused the constitutional violation'" or "he 'took the alleged actions with the requisite state of mind'") (quoting *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 768-69 (10th Cir. 2013), and *Dodds*, 614 F.3d at 1195-96)). In an effort to cure the deficiencies in his Amended Complaint, Plaintiff has added vague allegations that Christian was ultimately responsible for OJA's policies and program personnel, and that he failed to promulgate adequate policies, promulgated deficient

9

policies, and failed to supervise Waffle. But the court of appeals has made clear that such general allegations are insufficient to state a plausible claim of supervisory liability:

> The same particularized approach [that requires a plaintiff to identify specific actions taken by particular defendants] applies with full force when a plaintiff proceeds under a theory of supervisory liability. Various officials often have "different powers and duties." A plaintiff must therefore identify the specific policies over which particular defendants possessed responsibility and that led to the alleged constitutional violation.

*Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013) (citation omitted, quoting *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998)); *see also Cox v. Glanz*, 800 F.3d 1231, 1249 (10th Cir. 2015). Plaintiff provides no facts to suggest that Christian, OJA's executive director, had direct supervisory authority over a security officer at the contract-based Program in Nash, Oklahoma, or that any unspecified policies he promulgated or implemented (or failed to promulgate or implement) allowed a security officer at the Program to have a sexual relationship with a resident and provide alcohol to him without detection for three months.

Similarly, Plaintiff alleges no facts to support his general allegation that Christian acted with deliberate indifference to the risk that a sexual relationship between a security officer and a resident of the Program could occur or that an officer could provide a resident with alcohol (on and off the Program grounds) over a three-month period. As suggested by the citation in the footnote to Paragraph 28, Plaintiff relies in his brief on the court of appeals' opinion in *Tafoya*. *See* Pl.'s Resp. Br. [Doc. No. 27], pp.12-13. This reliance is misplaced. In that case, the court found that factual circumstances regarding a jail where

prior sexual assaults had occurred and a guard assaulted a female inmate despite remedial measures, might support a reasonable inference that the sheriff (the person responsible for jail policies) was deliberately indifferent to a continuing risk of sexual assault based on the obviousness of the risk. *See Tafoya*, 516 F.3d at 917 ("[I]f a risk is obvious, so that a reasonable man would realize it, we might well infer that [the prison official] did in fact realize it.") (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)). The Second Amended Complaint alleges no circumstances from which Christian might reasonably have been aware of an obvious risk to Program residents that conduct similar to Waffle's might occur. *See Cox*, 800 F.3d at 1249 (supervisory liability must be based on "a *particularized* state of mind") (emphasis in original).

For these reasons, the Court finds that the Amended Complaint fails to state a plausible § 1983 claim against Christian.

**B.     State Law Liability for Negligence or Constitutional Violation**

   **1.     *Respondeat Superior***

One theory of state law liability asserted against SWOSU and OJA – both on the tort claim asserted under GTCA and the constitutional claim asserted under *Bosh* – is *respondeat superior* liability for Waffle's misconduct. *See* Second Am. Compl. [Doc. No. 23], ¶¶ 36, 44. Plaintiff seeks to hold SWOSU and OJA vicariously liable for Waffle's alleged negligence in breaching a duty of reasonable care in the supervision, treatment, and security of minor residents at the Program, and Waffle's alleged violation of rights guaranteed to Plaintiff by the Oklahoma Constitution. *See* Second Am. Compl. [Doc. No. 23], ¶¶ 35, 41-42.

Assuming Plaintiff's vague allegation that Waffle was an employee of SWOSU or OJA or both is sufficient, Plaintiff makes only a conclusory allegation that "Waffle was acting within the course and scope of her employment with SWOSU and/or OJA at the time of the negligence set forth herein." *Id*. ¶ 36. The Second Amended Complaint contains no facts from which to conclude that Waffle's conduct in coercing Plaintiff into a sexual relationship and providing him with alcohol might reasonably fall within the scope of her duties as "security personnel" at the Program. *See* Second Am. Compl. [Doc. No. 17], ¶ 13.

The February 9 Order contains a discussion of Oklahoma law regarding an exception to the general rule that an employer is not liable for an employee's assault on a third person. *See* Order 2/9/15 [Doc. No. 22], pp.7-8. Applying that law to the allegations of the Amended Complaint, the Court previously found that no reasonable conclusion could be reached that Waffle's conduct fell within this exception. *See id*., p. 8 ("It is inconceivable that the alleged acts were undertaken for any security purpose or to serve any rehabilitative function the Program was obligated to perform."). In drafting the Second Amended Complaint, Plaintiff has failed to supply any additional factual allegations that might alter this conclusion.

Plaintiff's only effort to avoid it appears in argument in his brief opposing SWOSU's motion for dismissal. There, Plaintiff points to numerous cases holding that law enforcement officers may be acting within the scope of their employment when they use excessive force against a citizen or arrestee. Plaintiff relies on his conclusory allegations that Waffle's misconduct was committed while she was working as a security officer for the Program to argue: "A reasonable person might infer that Waffle's conduct occurred as an emotional

response to her position of authority over Plaintiff and her interactions with Plaintiff as her ward." *See* Pl.'s Resp. Br. [Doc. No. 28], p.6. The difficulty with this argument is that the Second Amended Complaint contains insufficient factual allegations regarding the Program, the minors assigned to it, the duties of "security personnel" employed at it, and the nature of their authority over or relationship to residents of the Program, to know how Waffle's alleged coercive sexual relationship with Plaintiff and provision of alcohol or drugs to him might plausibly constitute an emotional response to her position or her interactions with Plaintiff. The Court is not persuaded by the speculative argument presented in Plaintiff's brief that the Second Amended Complaint states a plausible claim of *respondeat superior* liability for the alleged negligence or unconstitutional conduct of Waffle under Oklahoma law.

2. **Negligent Supervision**

The second theory of state law liability asserted against SWOSU and OJA is that they could be held liable for Waffle's misconduct due to their own failures to adequately supervise Waffle. *See* Second Am. Compl. [Doc. No. 23], ¶¶ 38, 45.[5] The Court previously found that Plaintiff's theory of negligent supervision was not supported by any factual allegations of the Amended Complaint. *See* Order 2/9/15 [Doc. No. 22], p.9. Again, Plaintiff has added no factual allegations to his Second Amended Complaint that might alter

---

[5] As stated *supra* page 8, Plaintiff added allegations to his Second Amended Complaint in support of his *Bosh* claim that Christian violated Plaintiff's constitutional rights by failing to adopt adequate policies for the supervision of security personnel at the Program and that SWOSU, OJA and the unknown Defendants violated his constitutional rights by failing to adequately supervise Waffle and failing to adopt adequate policies. Because *Bosh* hints at no such theory of liability, and because the *Bosh* claim seeks recovery for injuries inflicted by Waffle, the Court understands these allegations are intended to present a theory of vicarious liability of these defendants based on their own conduct, akin to a negligent supervision theory.

this determination. Plaintiff has added allegations stating that a failure to supervise may be inferred from "the length of time that Waffle's conduct was able to continue." *See* Second Am. Compl. [Doc. No. 23], ¶ 38. But an employer's liability for injuries inflicted by its employee based on a lack of supervision must be based on facts that "at the critical time of the tortious incident – the employer had reason to believe that the person would create an undue risk of harm to others." *See N.H. v. Presbyterian Church (U.S.A)*, 998 P.2d 592, 600 (Okla. 1999). The Second Amended Complaint contains no allegations to suggest prior knowledge by anyone that Waffle had a propensity to engage in the conduct allegedly committed. Therefore, the Second Amended Complaint fails to state a plausible claim of negligence in the supervision of Waffle that would permit an imposition of liability on others for her misconduct.

For these reasons, the Court finds that SWOSU, OJA and Christian are entitled to the dismissal of the negligence and *Bosh* claims asserted against them in the Second Amended Complaint.

**Conclusion**

The Court finds the Second Amended Complaint is insufficient to state any plausible claim against Christian, OJA or SWOSU and that Plaintiff's claims against these defendants should be dismissed pursuant to Rule 12(b)(6).[6]

---

[6] "Where a plaintiff does not move for permission to amend the complaint, the district court commits no error by not granting such leave." *Burnett v. Mortgage Electronic Registration Sys., Inc.*, 706 F.3d 1231, 1238 n.4 (10th Cir. 2013) (citing *Calderon v. Kansas Dep't of Soc. & Rehab. Svcs.*, 181 F.3d 1180, 1185-87 (10th Cir. 1999); *Glenn v. First Nat'l Bank*, 868 F.2d 368, 371 (10th Cir. 1989)). Further, refusing leave to
(continued...)

IT IS THEREFORE ORDERED that the motions to dismiss the Second Amended Complaint [Doc. Nos. 25 and 26] are GRANTED. Plaintiff's action against Defendants Office of Juvenile Affairs, Robert E Christian, and Board of Regents of Oklahoma Colleges *ex rel.* Southwestern Oklahoma State University is DISMISSED with prejudice.

IT IS FURTHER ORDERED that Plaintiff shall show cause within 14 days from the date of this Order why his action against the John Doe Defendants should not be dismissed for lack of service pursuant to Fed. R. Civ. P. 4(m).

IT IS SO ORDERED this 9th day of November, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[6](...continued)
amend may be justified due to a plaintiff's "failure to cure deficiencies by amendments previously allowed." *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).